IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MORRIS RICKS, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:21-CV-00409-TES-CHW |
| KENNETH MANTLE, | : | |
| Defendant. | : | |

# ORDER

*Pro se* Plaintiff Morris Ricks, an inmate most recently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1), but he did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Without a motion and this account statement (or similar certified documentation from the prison), the Court does not have sufficient information to determine whether Plaintiff is entitled to proceed *in forma pauperis* or to calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available). Accordingly,

Plaintiff is **DIRECTED** to submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of the above-captioned action.

Plaintiff is also **DIRECTED** to refile his complaint on a standard § 1983 form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed. **The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) in this case.** The Court will not look back to that document to determine whether Plaintiff has stated an actionable constitutional claim. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in one action

unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $402.00 filing fee or file a proper motion to proceed without the prepayment of the filing fee, to include a certified copy of his prison trust account information, and (2) to refile his Complaint with the Clerk of Court as described above.  **If Plaintiff does not timely and fully comply with this Order, this action will be dismissed.**  Plaintiff is further **DIRECTED** to notify the Court of any change of address. There shall be no service of process in this case until further order of the Court.[1]

**SO ORDERED**, this 20th day of December, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] The Court notes that recent correspondence was returned to the Court as undeliverable (ECF No. 3).  A search of the Georgia Department of Corrections' online offender query system, however, reveals that Plaintiff is still housed at the Georgia Diagnostic and Classification Prison in Jackson, Georgia.  http://www.dcor.state.ga.us/GDC/Offender/Query (searched "Ricks, Morris") (last accessed Dec. 17, 2021).  The Clerk is thus **DIRECTED** to mail Plaintiff a copy of this Order as well as the Court's order of referral (ECF No. 2) to Plaintiff at his address of record at that facility.